# UNITED STATES DISTRICT COURT
## for the
## District of Delaware

RIGOBERTO RAMOS
        Plaintiff,

V.                     Civil Action No.: _____

OFFICER HENRY; CAPTAIN BURGESS;
SGT. EDWARDS; LT. SPENCER; LT. BOROMEE;
LT. PARSONS; CAPTAIN SENNETT; LT. MCKENNA;
ASST. WARDEN PARKER; LT. COVIELLO;
WARDEN MAY; sued in both official and individual capacities;
Defendants.

## COMPLAINT WITH JURY DEMAND

### Introduction

    This is a civil rights action filed by Rigoberto Ramos, a state prisoner, for damages and injunctive relief under 42 U.S.C §1983, alleging failure to protect, deliberate indifference to a risk of

1

physical harm and failure to reasonably respond. All in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

## Jurisdiction

1. The Court has juristiction over the plaintiff's claims of violation of federal Constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367.

## Parties

3. The plaintiff, Rigoberto Ramos, was incarcerated at James T. Vaughn Correctional Center (JTV) during the events described in this complain.

4. Defendant Henry is a correctional officer employed at JTV. He is sued in both official and individual capacites.

5. Defendant Edwards is a correctional sargent in charge of lower ranking staff, and the safety and security of prisoners in E building at JTV, and ensuring proper procedure is done.

6. Defendant Spencer is a correctional lieutenant in charge of lower ranking staff, and the safety and security of prisoners in E building at JTV, and ensuring proper procedure is done.

7. Defendant Burgess is a correctional captain in charge for lower ranking staff, ensuring proper procedure is done, and the safety and security of of prisoners in E building at JTV.

8. Defendants Boromee, Parsons, and McKenna are correctional lieutenants in charge of lower ranking staff, ensuring proper procedure is done, and the safety and security of prisoners at JTV.

9. Defendant Coviello is a correctional lieutenant in charge of class one disciplinary hearings, ensuring prisoners Constitutional rights, due process rights, proper procedure done, or any of the hearing rights are violated. Also the safety and security of prisoners at JTV. He also impose sanctions.

10. Defendant Parker is an assistant warden at JTV and is in charge of lower ranking staff, making and or enforcement of BOP policy and procedure, class one appeals, ensuring prisoners Constitutional rights are not violated, and the safety and security of prisoners at JTV.

11. Defendant May is the warden of JTV and is in charge of the daily operations of JTV, all staff employed at JTV, making and or enforcement of BOP policy and procedure, ensuring prisoners Constitutional rights are not violated, and the safety and security of prisoners at JTV.

12. All defendants have acted, and continue to act, in both official

and individual capacities at all times relevant to this complaint.

## Facts

13. On November 6, 2022, there was a fight in E building on A tier with a very quick response by staff.

14. After the rapid response to the fight and the regaining of control and the return to order of A tier. All prisoners were allowed to return to normal activity.

15. As the plaintiff was on the tier. Defendant Henry came to the tier with a yellow property cart, to get the property of the person who was fighting out of cell six (6).

16. Defendant Henry called for the plaintiff to come to the defendant. The plaintiff went over to defendant Henry as ordered, then asked defendant Henry what did he need.

17. Defendant Henry told the plaintiff to take the property cart and pack all of cell (6) property. Then bring it to defendant Henry.

18. The plaintiff told defendant Henry that plaintiff was assigned to cell (1) not cell (6).

19. Defendant Henry told the plaintiff that defendant did not care what cell plaintiff was assigned to. Now go pack cell (6)

4

property so defendant Henry could leave.

20. The plaintiff asked defendant Henry, what if the other prisoner still in cell (6) say no or try to do something to the plaintiff.

21. Defendant Henry reply was plaintiff better handle his business and don't get beat up by a old white boy, but one way or the other plaintiff better pack that property.

22. To avoid being wrote up for not following an order, plaintiff took the property cart and went to pack cell (6) property. Plaintiff told the person in cell (6) that defendant Henry sent plaintiff to pack the other persons property. The person in the cell said ok and began to help with the packing.

23. While packing the property other prisoners were getting mad, very loud and cussing at plaintiff throughout the tier, because plaintiff was doing what prisoners were saying they seen as the "Police Job".

24. As the plaintiff continued to be verbally assaulted while following defendant Henry's order, another prisoner approached the plaintiff in a very aggresive manner. The confrontation was about plaintiff doing the "Police Job". Plaintiff was given an option to stop packing the property as ordered by defendant Henry or get "Fucked up".

5

25. The plaintiff felt that he would be protected by defendant Henry. So, the plaintiff continued packing the property.

26. Then a finger was pointed in and pressed against the plaintiff's face. Out of great fear for his safety plaintiff attempted to protect himself before any more harm came to plaintiff.

27. The plaintiff defending himself from physical harm began in the open on A tier, but ended up in cell (6) with the plaintiff being over powered. The plaintiff was hit repeatedly as he balled up in the cell to protect himself as best as he could while yelling for help from defendant Henry who never came.

28. As the fight was going on defendants Boromee, Parsons, and Sennett were watching. Defendant Boromee found it funny and laughed as plaintiff was being beaten. Only after watching the fight to the end did defendant Sennett call defendant McKenna. Defendant Sennett called defendant McKenna to share the news of plaintiff being beaten and told defendant McKenna to review the video from 5 to 10 minutes earlier. Not to go check on the plaintiff's condition. At no time while watching the fight did any of the defendants Boromee, Parsons, or Sennett do anything to stop the beating.

29. The beating lasted between (5) and (10) minutes. Once the beating ended and the property was finished being packed, the prisoner assigned to cell (6) took the property to defendant Henry.

30. About (10) minutes after the fight ended defendant Henry along with more staff came to remove the person who beat plaintiff and the plaintiff. The plaintiff told defendant Henry that defendant Henry set plaintiff up and defendant Henry should have packed the property himself.

31. Defendant Henry told plaintiff that plaintiff do what the fuck he is told to do and staff do what the fuck they want to do. Due to the humiliation the plaintiff kept his injuries to himself and was moved to the special housing unit (SHU).

32. Shortly after being moved to the SHU the plaintiff was served with a class one write up for fighting. At that time plaintiff told defendant McKenna that plaintiff had been set up by defendant Henry, and that it was defendant Henry job to pack the property not plaintiff's. That the plaintiff was only doing as ordered to do as defendant Henry ordered to be done. Defendant McKenna said that he did not care who told the plaintiff to pack the property or why plaintiff was packing it. That the plaintiff should have ran away instead of defending himself. Defendant McKenna acknowledged seeing the video of the fight. Then told plaintiff none of that matters now, so tell it to the hearings officer.

33. At the hearing plaintiff told defendant Corievllo what happened and how he was set up by defendant Henry to be beaten, and that plaintiff was only defending himself as the video will prove.

7

Defendant Corievllo told plaintiff that defendant Henry was only doing his job and plaintiff should have ran away instead of defending himself.

34. The plaintiff told defendant Corievllo that the plaintiff was yelling for help but defendant Henry did nothing to help the plaintiff as the video will show.

35. Defendant Corievllo told plaintiff that the plaintiff should have yelled louder. So, plaintiff would be found guilty of fighting.

36. Defendant Corievllo put plaintiff on several sanctions (20) days loss of all privileges, (20) days confinement to the cell. These sanctions did not allow plaintiff to call his elderly mother who live in another country or any of plaintiff's family. Defendant Corievllo told plaintiff the punishment could have been worse.

37. The plaintiff filed his appeal to defendant Parker. Defendant Parker refused to address the issues in the appeal, and upheld defendant Corietlo decision, and based the decision on the report only, and enforced the sanctions.

38. Not only did the plaintiff do (20) days loss of all privileges and (20) days confinement to his cell. But the plaintiff was punished with having to do over (16) months in the SHU. Over

8

(8) of those months have been in a cell for (22½) hours of each day.

39. The plaintiff is now suffering mentally from being set up, physically assaulted, and placed in a cell for (22½) hours a day in the SHU. It has gotten so bad that petitioner had to be seen by mental health for the first time in his life.

40. Defendant Burgesses is the Captain of E building and is responsible for proper training of E building staff and the enforcement of proper policy and procedure. He make or enforce procedure as to the operation of E building. He give orders to lower ranking staff to follow. He is responsible for monitoring his staff to ensure proper training is done and proper policy and procedure is being followed, and safety and security of prisoners.

41. Defendant Spencer is the lieutentant of E building and is responsible for lower ranking staff, monitoring staff to ensure proper policy and procedure is being followed, and that the orders of defendant Burgesses are followed. All things in E building are being done by his order or lack of his monitoring of staff.

42. Defendant Edwards is a lead worker in E building. He is responsible for lower ranking staff, he train staff proper procedure and policy, then monitor them to ensure proper procedure and policy is followed. He also carry out orders of higher ranking staff. All things in E building is done by his order or lack of monitoring

9

lower ranking staff.

## Exhaustion of Remidies

43. The plaintiff has exhausted his administrative remidies available to him with respect to all claims and defendants.

## Claims for Relief

44. The actions of defendant Henry ordering plaintiff to pack another prisoners property while being deliberatly indifferent to the known risk of injury to plaintiff, ignoring plaintiff's fear of being harmed prior to plaintiff being verbally and physically assaulted, standing by doing nothing as plaintiff yelled for help while being beaten was done with deliberate indifferance constitute a failure to protect plaintiff from assault from another prisoner in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

45. The actions of defendants Boromee, Parsons, and Sennett for failure to stop defendant Henry from putting plaintiff in harms way as they monitored the camera, for not doing anything to stop the physical beating of plaintiff as they watched and laughed while the plaintiff got assaulted and then for watching the assault for a second time on replay for amusement, then the further disregard for plaintiff's health and safety a cell was made to defendant McKenna to watch the assault not for him to send help to plaintiff, for his safety or health. All in violation of the plaintiff's right to be protected

from assault by another prisoner, was done with deliberate indifference constitute a failure to protect in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

46. The actions of defendant Burgesses for making the procedure or enforcing the procedure that got plaintiff verbally and physically assaulted, and failure to monitor staff to ensure proper procedure and policy was being done in E building, that constitute a failure to protect in violation of the Eighth and Fourteenth Amendments to the United States Constitution, as supervisor of E Building.

47. The actions of defendants Spencer and Edwards for making or enforcing the procedure that got plaintiff verbally and physically assaulted in violation of plaintiff's Eighth and Fourteenth Amendments rights to the United States Constitution, and their failure to supervise lower ranking staff application of procedure as supervisors of lower ranking staff in E building. Or for turning a blind eye to improper procedure being done by staff.

48. The actions of defendant McKenna for showing deliberate indifference to plaintiff being verbally and physically assaulted when he served the report to plaintiff and for his approval of the report being moved forward even though defendant McKenna had seen the video of the assault and knew plaintiff was following orders from defendant Henry, constitute a violation of the Eighth and Fourteenth Amendment to the United States Constitution due to the failure to protect.

49. The actions of defendant Parker for making or enforcing the procedure of having prisoners property packed by other prisoners a procedure used by defendant Henry that caused plaintiff to be verbally and physically assaulted as assistant warden of JTV constitute failure to protect, violation of plaintiff Eighth and Fourteenth Amendments rights to the United States Constitution. For defendant Parker being deliberatly indifferent to plaintiff having to defend himself from being physically assaulted for following staff orders when defendant Parker refused to address plaintiff's issues in his appeal. In violation of the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

50. The actions of defendant Coviello for being indifferent deliberately as to plaintiff being verbally and physically assaulted for following staff orders. Defendant Coviello actions show his approval of the failure to protect, that constitute the violation of plaintiff's Eighth and Fourteenth Amendment right to the United States Constitution, by finding of guilt and punishment.

51. The actions of defendant May for making or enforcing the procedure used by defendant Henry that caused plaintiff to be verbally and physically assaulted in violation of the Eighth and Fourteenth Amendments to the United States Constitution. As warden of JTV defendant May is responsible for the monitoring of staff to ensure proper procedure is being done, that no violation of constitutional rights or law is being violated without regard or

under the guise of procedure or under unconstitutional procedure or policy. Plaintiff reallege and incorporate by reference paragraphs 1-50.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue an injuction ordering defendants May and Parker, or agents to:
   1. Immediately stop the use of the procedure of having a prisoner pack the property of another prisoner.

   2. Immediately remove the disciplinary report #1131684 from plaintiff's DOC file.

   3. Immediately have plaintiff seen by mental health.

   4. Immediately move plaintiff back to the same status he was at prior to the beating

B. Award compensatory damages in the following amount $25,000, for the physical and emotional injuries sustained as a result of the plaintiff's beating due to the failure to protect. For the punishment and emotional injury in connection with plaintiff's disciplinary hearing. Included in this demand plaintiff seeks compensatory damages for the loss of privileges and quality of

13

of life in his prison living conditions, and loss of limited liberty enjoyed by prisoners, resulting from being placed in the SHU, in that plaintiff has been for over (8) months and still is confined to his cell for (22½) hours a day, and has been deprived of the ability to work, attend school, or vocational programs. The ability to engage in sports and other congregate recreational activities, attend meals with other prisoners, attend religious services or consistently earn good time. Plaintiff separately and in addition seeks compensatory damages for the mental or emotional distress resulting from his prolonged confinement in the SHU, to which plaintiff is entitled to because of the physical injury suffered in his beating as a result of the failure to protect.

C. Award punitive damages in the following amount of $15,000 total for all defendants.

D. Grant such other relief as it may appear that the plaintiff is entitled.

Date: June 9, 2023

Respectfully Submitted,
Rigoberto Ramos
1181 Paddock Rd
Smyrna, Delaware 19977

Assisted by:
Mr. Chad Goins